[No. 10,032.]

## THE PEOPLE *v*. BROWN.

CONTINUANCE IN CRIMINAL CASE.—In a criminal case, if the defendant has relied on the promise of a material witness to attend the trial the first time the case is called after the indictment is found, and for that reason ha' omitted to take his deposition, and the witness resides beyond the jurisdiction of the Court, a continuance should be granted.

APPEAL from the County Court of Nevada County.

The defendant was indicted for the crime of grand larceny, February 10th, 1873. On the 8th of March, when the cause came on for trial, and before a venire for a jury had been issued, he moved for a continuance, on the ground that two of his witnesses, residents of the State of Nevada, were absent. In support of the motion he filed an affidavit, the substance of which is stated by the Court. The motion was

denied, and the defendant was tried and convicted. He moved for a new trial. The motion was denied, and he appealed.

*J. I. Caldwell,* for Appellant, cited *People* v. *Dodge,* 23 Cal. 445 ; *People* v. *Francis,* 38 Cal. 183; Penal Code, sections thirteen hundred and forty-nine to thirteen hundred and sixty-two.

*John L. Love, Attorney General,* for the People.

By the COURT :

The defendant's motion for a continuance should have been granted. His affidavit disclosed the materiality of the absent witnesses ; that they had promised to attend the trial, and that relying on this promise, and deeming it important to him that they should testify in person at the trial, he had omitted to take their depositions, but could procure them before another trial. This brings the case fully within the ruling in *People* v. *Dodge,* 28 Cal. 447, and within the reasoning in *People* v. *Francis,* 38 Cal. 185.

Judgment and order reversed, and cause remanded for a new trial.