## J. S. JOHNSON v. D. C. MILLS.

[FILED MARCH 10, 1891.]

Continuance: ABSENT WITNESSES. Where a motion for a continuance of a cause, made in the district court by a defendant on account of the absence of a co-defendant as a witness, is supported by affidavit which sets out specifically what facts the witness would testify to and that there was no other person by whom the facts could be proven, and it appearing that the testimony is material under the issues, that diligence has been

used to obtain it in time for the trial, and that such testimony can be procured by the next succeeding term of court, *held*, that the continuance should be granted.

ERROR to the district court for Nuckolls county. Tried below before MORRIS, J.

*Thomas C. Munger* (*C. F. McGrew* with him), for plaintiff in error, cited: *Williams v. State*, 6 Neb., 338; *Johnson v. Dinsmore*, 11 Id., 394.

*S. A. Searle*, and *C. S. Johnson*, *contra*.

NORVAL, J.

This action was brought in the court below by Daniel C. Mills, against D. H. McCall and Jacob S. Johnson, to recover damages for an alleged breach of contract.

The petition alleges in substance that the plaintiff sold to the defendants in May, 1887, all the wool then growing upon his flock of 450 sheep for the sum of twenty cents per pound, said wool when sheared to be delivered at the railroad station in Angus, Nuckolls county, between the 15th day of June, 1887, and July 1 of the same year, upon plaintiff notifying the defendants that the same was ready for delivery; that the defendants agreed to name the time they would receive the wool between said dates; that the defendants paid the plaintiff upon said contract the sum of $25 and agreed to pay the remainder of the purchase price when the wool was delivered; that the plaintiff delivered the wool within the time and at the place agreed upon; but the defendants neglected and refused to receive and pay for the same, and that the plaintiff in consequence thereof has sustained damages in the sum of $600.

The defendants answered admitting the contract, excepting the time of delivery, which they aver was to be upon the 15th day of June, unless the plaintiff notified the de-

fendants to the contrary previous to that date, and that they had the option of taking the wool then or by June 22d; that the defendants were at Angus on June 15th, ready, able, and willing to receive and pay for the wool, but the plaintiff could not and did not deliver any of the wool then or by June 22d.

The plaintiff replied denying the allegations of the answer.

Judgment was rendered for the plaintiff for the sum of $572.88. A motion for a new trial was made by the defendant Jacob S. Johnson, which was overruled.

The petition in error contains but two assignments of error: first, that the court erred in not granting the motion of the defendant Johnson for a continuance; and, second, that the court erred in overruling the motion for a new trial.

Prior to the trial the defendant Johnson presented to the court a motion for a continuance, supported by his own affidavit. The continuance was asked to procure the testimony of his co-defendant D. H. McCall. The affidavit states in substance that McCall formerly resided in this state, but now resides at Topeka, Kansas; that affiant went to said place to see him about appearing at the trial as a witness, and that he promised to appear, but for some cause unknown to affiant he has failed to do so. That McCall would testify that the plaintiff agreed, and it was a part of the contract of purchase of the wool, that the plaintiff was to deliver the wool on the 15th day of June, 1887, unless otherwise notified by the defendants to deliver at a date not later than the 22d of said month. That the defendants were present at the place agreed upon, at the time stated, to receive the wool, but that the plaintiff failed to deliver any part thereof, and that the plaintiff had not sheared his sheep and was unable to deliver the wool as agreed. Affiant further says that the statements contained in his affidavit are true; that he knows of no other witness

Johnson v. Mills.

by whom he can prove the same, and that he expects to procure the testimony of the witness by the next term of court, and cannot be ready for trial before that time.

If the statements contained in the affidavit are true, which, for the purposes of the question now presented, must be so regarded, the testimony of the absent witness would have shown that there was no breach of the contract on the part of the defendants, but that they were ready to accept the wool at the time and place named in the contract, and that the plaintiff failed to make the delivery as agreed. The materiality of the testimony of the absent witness is obvious. It appears that no other witnesses were known by whom the facts could be proven, and that the testimony of McCall could not be procured at the term of court at which the case was tried, but could be procured by the next succeeding term. The witness resided out of the state and his attendance could not be compelled by the process of the court. The issuing of a subpœna would have been unavailing. True, his deposition could have been taken, but Johnson had a right to rely upon the promise of his co-defendant that he would be present and testify at the trial. Johnson made a personal trip to Topeka, the home of the witness, to procure his attendance. Sufficient grounds were shown and reasonable diligence was used by Johnson to entitle him to a continuance of the case.

As the judgment must be reversed for the refusal to grant the motion for a continuance, it is not deemed necessary to notice the other assignment of error.

Judgment reversed and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur